UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| AMERICAN HOMES 4 RENT PROPERTIES TWO, LLC, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:13-CV-4411-B |
| RAFEEK MUHAMMAD, BRENDA MUHAMMAD, and All Occupants, | § § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff American Homes 4 Rent Properties Two, LLC's Amended Motion to Remand (doc. 9), filed January 7, 2014. For the reasons stated below, the Court finds that the Motion should be, and hereby is, **GRANTED**.

### I.

### BACKGROUND

This case arises out of a foreclosure sale of Defendants Rafeek Muhammad, Brenda Muhammad, and other unnamed occupants' real property ("the Property") and a subsequent forcible detainer action brought in state court by Plaintiff American Homes 4 Rent Properties Two, LLC ("American"). Doc. 10, Pl.'s Br. 1-2. Following the foreclosure sale, American demanded that Defendants vacate the Property. Doc. 8, Pl.'s Orig. Pet. Ex. B, at 1-2. Defendants refused, and American then initiated a forcible detainer action in state court on July 29, 2013. *Id.* The court granted judgment in favor of American, and Defendants appealed. Doc. 8, Notice of Appeal Ex. E. On November 1, 2013, Defendants removed this case to this Court. Doc. 8, Am. Notice of Removal.

- 1 -

American subsequently filed a Motion to Remand (doc. 6) on November 7, 2013, and, after Defendants filed an Amended Notice of Removal (doc. 8), American filed an Amended Motion to Remand (doc. 9), on January 7, 2014. Despite being given ample opportunity to respond to American's Motion to Remand, Defendants have failed to file any pleadings beyond their Amended Notice of Removal.

## II.

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). They possess only the power authorized by the Constitution and statute, which is not to be expanded by judicial decree. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *see also McKee v. Kansas City S. Ry. Co.*, 358 F.3d 329, 337 (5th Cir. 2004). District courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery,* 243 F.3d at 916.

Federal courts must have subject matter jurisdiction, either in the form of diversity or federal question jurisdiction, to serve as the forum in a civil case. District courts have federal question jurisdiction "of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. District courts have diversity jurisdiction, generally, when complete diversity of state citizenship exists between all plaintiffs and all defendants, and the amount in controversy exceeds the statutory minimum. *See* 28 U.S.C. § 1332. When a party removes a suit to federal court on diversity grounds under 28 U.S.C. § 1332, the removing party must demonstrate that each element of § 1332 is met. Furthermore, an action removable solely on the basis of diversity

jurisdiction "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (noting that any questions or ambiguities "should be strictly construed in favor of remand").

## III.

## ANALYSIS

Defendants' arguments to establish jurisdiction in this Court are difficult to decipher. Defendants cite to both 28 U.S.C. §§ 1331 and 1332 to support removal in their Amended Notice of Removal, but they focus the vast majority of the arguments in their Notice on establishing diversity jurisdiction. Doc. 8, Am. Notice of Removal 2-5. The only argument in favor of federal question jurisdiction that Defendants present is the conclusory allegation that "Plaintiff's Complaint alleges a cause of action under the laws of the United States, 15 U.S.C. § 1681 *et seq.*" Doc. 8, Am. Notice of Removal 1-2. Although such conclusory statements generally cannot sustain federal jurisdiction, the Court will address Defendants' claims that the Court has both federal question and diversity jurisdiction over this action.

*A. Federal Question Jurisdiction under 28 U.S.C. § 1331*

The Defendants' arguments that the Court has jurisdiction over this action under § 1331 are unsupported by the pleadings and the law. "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326 (5th Cir. 1998) ("for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system"). American's Original Petition only alleges a forcible detainer action, which arises solely under Texas law. *Fannie Mae v. Song Wha Lee*, No. 3:10-CV-1047-L, 2010 WL 3025533, at *3 (N.D. Tex. July 30, 2010) (finding that a forcible detainer action "did not raise issues of federal law sufficient to support federal question jurisdiction"). The petition does not otherwise raise a claim under federal law, and Defendants present no facts or arguments to suggest that American's claims necessarily depend on the resolution of a substantial question of federal law. *Singh v. Duane Morris, LLP*, 538 F.3d 334, 338 (5th Cir. 2008) ("In other words, federal question jurisdiction exists where (1) resolving a federal issue is necessary to resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities."); *Borden v. Allstate*, 589 F.3d 168, 172 (5th Cir. 2009) (citations omitted). Defendants' citation to the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, also does not confer federal jurisdiction over this matter because it is, at most, an attempt to plead a federal defense or counterclaim, which is insufficient to establish federal jurisdiction. *Caterpillar Inc.*, 482 U.S. at 393; *see also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense. . . . Nor can federal jurisdiction rest upon an actual or anticipated counterclaim."). Accordingly, this matter does not fall within this Court's federal question jurisdiction.

B. *Diversity Jurisdiction under 28 U.S.C. § 1332*

Defendants' claim of diversity jurisdiction is similarly faulty. As noted above, a case "may not

be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). Defendants admit in their Amended Notice of Removal that they are and have been throughout the course of this action, citizens of Texas. Doc. 8, Am. Notice of Removal 4. Accordingly, they could not remove to this Court based on federal diversity jurisdiction.[1]

Because the Court has neither federal question nor diversity jurisdiction over this matter, removal was improper. American's Motion to Remand should therefore be **GRANTED**.

## IV.

## CONCLUSION

For the foregoing reasons, American's Amended Motion to Remand (doc. 9) is **GRANTED**. This case is **REMANDED** to the County Court at Law No. 1 in Tarrant County, Texas, for further proceedings.

SO ORDERED.

SIGNED: April 11, 2014.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE

---

[1]Because the Court finds that it lacks federal question and diversity jurisdiction over this matter, it does not reach American's arguments with regards to the sufficiency of the amount in controversy or the timeliness of removal.